IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Norma Williams, | C/A No. 0:20-cv-1656-PJG |
| Plaintiff, | |
| v. | **ORDER ON PLAINTIFF'S APPEAL FROM THE SOCIAL SECURITY ADMINISTRATION'S DENIAL OF SOCIAL SECURITY BENEFITS** |
| Andrew Saul, Commissioner of the Social Security Administration, | |
| Defendant. | ☒ Affirmed <br> ☐ Reversed and Remanded |

This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☐  Supplemental Security Income ("SSI")

   Application date: _____     Plaintiff's age at filing: ____

☒  Disability Insurance Benefits ("DIB")

   Date last insured: December 31, 2014

☐  Other:

Plaintiff's Year of Birth: 1965

Plaintiff's amended alleged onset date: August 20, 2013

**Part II—Social Security Disability Generally**

Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v.

Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  August 26, 2019

In applying the requisite five-step sequential process, the ALJ found:

Step 1: Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐ Yes  ☒ No

Step 2: ☒ Plaintiff has the following severe impairments:

obesity, spine disorder, pes planus, heel spur, and depressive disorder.

☐ Plaintiff does not have a severe impairment.

Step 3: ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing.  20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Plaintiff's Residual Functional Capacity is as follows:

[T]he claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) (lifting/carrying and pushing/pulling 10 pounds occasionally and less than 10 pounds frequently; sitting six hours; standing/walking two hours in an eight-hour workday) except:  she could occasionally climb ramps and stairs.  She could occasionally climb ladders, ropes, or scaffolds.  She could occasionally balance, stoop, kneel, crouch, and crawl.  She needed a handheld assistive device for all ambulation.  The other arm could be used to lift and carry up to the exertional limits.  She would need to be off-task five percent of an eight-hour workday, in addition to regularly scheduled breaks.

☐ Plaintiff could return to his/her past relevant work.

Step 5: ☐ Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled.  20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒ Plaintiff could not return to his/her past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:

1) Circuit board assembler (DOT code 726.684-110), approximately 31,000 jobs in the national economy;
2) Semi-conductor bonder (DOT code 726.685-066), approximately 14,000 jobs in the national economy; and
3) Optical access polisher (DOT code 713.684-038), approximately 19,000 jobs in the national economy.

Date of Appeals Council decision:  March 6, 2020

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits.  However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also

42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015).  "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations."  Biestek, 139 S. Ct. at 1154 (citation omitted).  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]."  Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).  Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence.  Blalock, 483 F.2d at 775.

**Part V—Issues for Judicial Review**

I. Did the ALJ abuse his discretion in determining that Plaintiff's severe impairment of a spine disorder failed to meet listing 1.04?

II. Did the ALJ commit an error of law and abuse his discretion in determining that the combined effect of plaintiff's severe and non-severe impairments do not meet or medically equal a listing impairment?

(Pl.'s Br., ECF No. 15.)

**Oral Argument:**

☐ **Held on** _____.

☒ **Not necessary for disposition.**

**Summary of Reasons**

Both of the Plaintiff's arguments challenge the ALJ's determination at Step Three.  At this step, the Commissioner must determine whether the claimant meets the criteria of one of the Listings and is therefore presumptively disabled.  "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria."  Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (emphasis added).  It is not enough that the impairments have the diagnosis of a listed impairment; the claimant must also meet the criteria found in the Listing of that impairment. 20 C.F.R. § 404.1525(d); see also Bowen v. Yuckert, 482 U.S. 137, 146 (1987) (noting that the burden is on the claimant to establish that his impairment is disabling at Step Three).

The Plaintiff first argues that he met Listing 1.04, which provides as follows:

Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
A.  Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
    or
B.  Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
    or
C.  Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04.

In specifically considering whether the Plaintiff met Listing 1.04, the ALJ found as follows:

The claimant's back impairment does not meet listing 1.04, as the record does not show compromise of a nerve root or the spinal cord with one of the following: evidence of nerve root compression, characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss and positive straight-leg raising; spinal arachnoiditis; or lumbar spinal stenosis, resulting in an inability to ambulate effectively. (Exhibits B4F/4-6; 16F/12, 16). Furthermore, I have also considered Acquiescence Ruling 15-1(4), and find no continuous 12 month period in which all of the medical criteria were present.

(Tr. 15.) The Plaintiff argues that the ALJ erred and that the evidence indicated that she met this Listing. Specifically, the Plaintiff directs the court to the following evidence: (1) in August 2013, the Plaintiff underwent an L4-L5 posterior lumbar interbody and posterior lateral fusion with instrumentation; (2) post-surgery, the Plaintiff participated in physical therapy, took medication, and wore a back brace for support; (3) in March 2014, notes indicated reports of pain and that the

Plaintiff was "unable to be very physical or upright for long periods without exacerbating her back pain" (Tr. 837); (4) an MRI which "showed some mild disk bulging with some mild bilateral neuroforaminal encroachment, but no overwhelming nerve compression"[1] (Tr. 566); (5) in December 2014, notes indicating that the Plaintiff's back pain "has been slowing coming back" and examination suggesting "inflammatory pain in lower pain and Si-joints" (Tr. 809); and (6) in September 2015, a record indicates that x-rays revealed "a fracture in the rods between the L4 and L5 screws bilaterally but there does not appear to be a significant amount of haloing around her screws" (Tr. 563).

The Plaintiff has failed to demonstrate that the ALJ's findings with regard to Listing 1.04 were unsupported by substantial evidence. Importantly, the applicable standard for DIB requires that the claimant be disabled on or before her date last insured, and while the Plaintiff's arguments may support a finding that her condition worsened after her date last insured, they do not show that she met the requirements of Listing 1.04 during the applicable time period (August 20, 2013 through December 31, 2014). Records through her date last insured consistently report that the Plaintiff was improving. For example, in April 2014 it was noted that the Plaintiff was "doing well" post-surgery "with just intermittent back stiffness." (Tr. 569, 1050.) Further in April 2014, it appears that the Plaintiff discussed with her doctor returning to work, and her doctor stated, "I believe she could perform police work, but should be aware of her back problems." (Tr. 571, 1052.) In September 2014, it was noted that the Plaintiff was "doing well with just intermittent

---

[1] Although the Plaintiff asserts that this MRI was from sometime in 2014, the records do not clearly indicate this date. In fact, the Plaintiff's citation comes from a "history of present illness" section in a medical record from Florence Neurosurgery and Spine PC. (See Tr. 566.) However, this description appears in the history section of all of the medical records from this provider dating back until at least June 2013, which predates the Plaintiff's amended onset date as well as her back surgery. (See Tr. 432, 1015.)

back stiffness, and occasional cramping" with "[n]o new complaints" and that she appeared "much less antalgic." (Tr. 566-67, 1053, 1055.) Moreover, the September 2015 record states that the Plaintiff "was doing well until March of this year when she started noticing some increased back pain, which now has involved her left leg. She underwent a repeat MRI scan of her lumbar spine which shows some mild adjacent segment changes, with a mild disc bulge at L3-4." (Tr. 563 1056.) The ALJ's decision reflects consideration of this evidence as well as other evidence supporting the determination that the Plaintiff does not meet Listing 1.04, and the Plaintiff has failed to demonstrate that this finding is unsupported by substantial evidence. (See, e.g., Tr. 17-19; see also Def.'s Br. at 13-15, ECF No. 17 at 13-15.)

The Plaintiff also argues that the ALJ erred in failing to consider her impairments in combination. When a claimant has more than one impairment, the ALJ must consider the combined effect of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity to be the basis of eligibility under the law. 20 C.F.R. § 404.1523. Further, in Walker v. Bowen, 889 F.2d 47, 49-50 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit explained:

> [A] failure to establish disability under the listings by reference to a single, separate impairment does not prevent a disability award. It is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity. In recognizing this principle, this Court has on numerous occasions held that in evaluating the effect[ ] of various impairments upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them. . . . As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments.

Id. at 49-50 (internal citations omitted). However, "the adequacy requirement of Walker is met if it is clear from the decision as a whole that the Commissioner considered the combined effect of a claimant's impairments." Brown v. Astrue, C/A No. 0:10-cv-1584-RBH, 2012 WL 3716792, at

\*6 (D.S.C. Aug. 28, 2012) (citing Green v. Chater, 64 F.3d 657, 1995 WL 478032, at \*3 (4th Cir. 1995)).

The Plaintiff appears to argue that the ALJ's analysis is deficient because he failed to discuss the impairments in combination at Step Three. However, contrary to the Plaintiff's arguments, the court finds that during the course of the ALJ's opinion, the ALJ sufficiently discussed all of the Plaintiff's alleged impairments and limitations to demonstrate that he considered the Plaintiff's impairments in combination. (See Tr. 17-19.) Moreover, the opinion as a whole demonstrates that in analyzing the Plaintiff's residual functional capacity, the ALJ also discussed the Plaintiff's medical records at length, including physical and mental findings and diagnostic images and testing results, as well as her testimony, and addressed conflicts in the records. The ALJ also stated that through the date last insured, the Plaintiff "did not have an impairment or combination of impairments that met or medically equals the severity of one of the listed impairments . . . ." (Tr. 15.) For these reasons, the court finds the ALJ's analysis sufficiently demonstrates that he considered the combined effect of the Plaintiff's impairments. See Brown, 2012 WL 3716792, at \*6 (finding that Fourth Circuit precedent issued after Walker suggested that Walker was not meant to be used as a trap for the Commissioner).

Moreover, even assuming the Plaintiff is correct and the ALJ's statements throughout the opinion are not sufficient, other than summarily stating that the ALJ would have concluded that the Plaintiff was disabled, the Plaintiff has failed to explain how more discussion or explanation by the ALJ regarding the combined effects of her alleged impairments would change the outcome of this case. See, e.g., Brown, 2012 WL 3716792, at \*6 ("If the Commissioner's analysis is fragmentized, it is, of course, the Plaintiff's task to adequately show the Court that the Commissioner's decision could have been different had he done an adequate combined effect

analysis of his multiple impairments."). Although the Plaintiff may believe that additional limitations were warranted, she fails to specify them or detail any basis for them. Accordingly, based on a review of the decision as a whole, the Plaintiff has failed to demonstrate that the ALJ failed to consider adequately her combined impairments and has not explained how the outcome would have differed with additional discussion; therefore, remand is not warranted on this basis. See, e.g., Glockner v. Astrue, C/A No. 0:11-955-CMC-PJG, 2012 WL 4092618, at *5 (D.S.C. Sept. 17, 2012) (finding that the ALJ sufficiently discussed the plaintiff's alleged impairments and limitations to demonstrate that he considered the plaintiff's impairments in combination and observing that the plaintiff neither cited an impairment ignored by the ALJ nor offered any explanation as to how more discussion or explanation may have changed the outcome in the case).

**ORDER**

☒     **Affirmed. Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☐     **Reversed and remanded pursuant to ☐ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐     **Reversed and remanded for an award of benefits.**

     **IT IS SO ORDERED.**

_____
April 5, 2021                                      Paige J. Gossett
Columbia, South Carolina           UNITED STATES MAGISTRATE JUDGE